UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TEXAS INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 23-3412 |
| TALISMAN SPECIALTY UNDERWRITERS, INC. | SECTION "R" (1) |

## ORDER AND REASONS

Plaintiff moves for a temporary restraining order and a preliminary injunction.[1] The motion is denied. Federal Rule of Civil Procedure 65 requires a satisfactory explanation of why relief should be granted without notice, and plaintiff has not satisfied this requirement. *See* Fed. R. Civ. P. 65(b)(1). Substantively, "[a] temporary restraining order is not warranted when the movant fails to demonstrate irreparable injury." *Cajun Servs. Unlimited, LLC v. Benton Energy Serv. Co.*, No. 17-491, 2020 WL 10486334, at *4 (E.D. La. Oct. 16, 2020); *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975). "Plaintiff[] must show that there is a 'presently existing actual threat' in order to obtain a preliminary injunction; a 'speculative injury' is not sufficient. And there is no irreparable injury where

---

[1] R. Doc. 2.

money damages would adequately compensate a plaintiff." *Foley v. SAFG Ret. Servs., Inc.*, No. 10-2827, 2011 WL 4344611, at *4 (E.D. La. Sept. 15, 2011) (citations omitted) (quoting *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974)).  Further, the Court finds that it must hear from defendants in order to determine whether the requisites for Rule 65 relief have been satisfied.  The Court will set a status conference for the purpose of setting a hearing on the motion for a preliminary injunction by separate order.

New Orleans, Louisiana, this __16th__ day of August, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE