UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TEXAS INSURANCE COMPANY | * | CIVIL ACTION NO. 23-3412 |
| | * | |
| | * | SECTION: "R"(1) |
| VERSUS | * | |
| | * | JUDGE SARAH S. VANCE |
| TALISMAN SPECIALTY | * | |
| UNDERWRITERS, INC. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Intervene by Talisman Insurance Company, Inc. ("Talisman Insurance"). (Rec. Doc. 35). The Court finds that Talisman Insurance is entitled to intervene as of right because it timely filed its motion early in the life of the case and because it has a direct and substantial interest in the insurance premiums at issue in this lawsuit which interest is not adequately represented by the existing parties and which may be impaired if it is not permitted to intervene. Accordingly, the Motion to Intervene is GRANTED; Talisman Insurance's Complaint in Intervention shall be entered into the record.

Background

This case presents a contract dispute. Texas Insurance Company, Inc. ("Texas Insurance") and Talisman Specialty Underwriters, Inc. ("Talisman Specialty") entered into a Managing General Agent Agreement effective April 1, 2023 ("MGA Agreement"). Texas Insurance is a surplus line property and casualty insurance carrier and pursuant to the MGA Agreement, it authorized Talisman Specialty to act as a managing general agent for Texas Insurance for the entry and underwriting of certain lines of insurance. According to Texas Insurance, Talisman Specialty breached the MGA Agreement by authorizing the issuance of hundreds of insurance policies by Texas Insurance, in sectors (like marine and energy) where Talisman Specialty did not have

1

authority to do so. Texas Insurance contends further that Talisman Specialty has withheld over $10 million in premiums owed to Texas Insurance but has failed to segregate them in a fiduciary account for Texas Insurance's benefit and sweep those accounts monthly as required by the MGA Agreement.

On August 14, 2023, Texas Insurance initiated this lawsuit against Talisman Specialty, asserting claims for breach of contract, breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, conversion, misappropriation of name, deceptive practices and unfair competition, fraud, and unjust enrichment. It seeks declaratory judgment and injunctive relief along with an award of damages. At the time of suit, it sought a temporary restraining order, but the District Judge denied its motion. Texas Insurance then moved for a preliminary injunction. The District Judge held a hearing on October 12, 2023, but no ruling has yet been issued.

Meanwhile, on October 10, 2023, Talisman Insurance filed the present Motion to Intervene. It argues that it is entitled to intervene as of right. In its proposed Complaint in Intervention, it alleges that on April 1, 2023, it entered into a Quota Share Reinsurance Agreement ("Reinsurance Agreement") with Texas Insurance, pursuant to which Talisman Insurance agreed to reinsure certain lines of insurance written pursuant to the MGA Agreement. According to Talisman Insurance, Texas Insurance in turn agreed to pay Talisman Insurance 94%[1] of the premiums received and Texas Insurance agreed further that Talisman Specialty would remit these payments directly to Talisman Insurance. Talisman Insurance claims that Texas Insurance has breached the Reinsurance Agreement by initiating this lawsuit and claiming that Talisman Specialty must remit all premiums to Texas Insurance, thereby interfering with Talisman Insurance's right to payment. Talisman Insurance also seeks a declaratory judgment that it has a

---

[1] The proposed Complaint in Intervention refers to 94% in some places and 96% in other places.

right to 94%[2] of all premiums held by Talisman Specialty that were received pursuant to the policies reinsured by Talisman Insurance.

Talisman Insurance argues that it has a right to intervene because it has an interest in receiving payment of its premiums, which are based on and paid from the premiums received by Talisman Specialty. It argues that a disposition of this action in favor of Texas Insurance will impair the ability of Talisman Insurance to receive its payments directly from Talisman Specialty. It points out that Talisman Specialty is not a party to the Reinsurance Agreement, and it argues that Talisman Specialty cannot adequately represent its interests. It submits that its intervention is timely because it sought intervention less than two months after the lawsuit was filed.

Texas Insurance opposes. It argues that the motion is untimely because Talisman Insurance is a corporate affiliate of Talisman Specialty and is represented by the same counsel, yet it waited until three days before the hearing on Texas Insurance's motion for preliminary injunction to file its motion to intervene. Texas Insurance argues further that Talisman Insurance has no substantial interest in this lawsuit because the amount of premiums Talisman Insurance is entitled to and will receive will be the same regardless of the outcome. It says the only difference is the manner in which the premiums owed to Talisman Insurance will be paid: either directly from Talisman Specialty to Talisman Insurance, or from Talisman Specialty, to Texas Insurance, to Talisman Insurance. Further, Texas Insurance argues that the interest of Talisman Insurance in its premiums will not be impeded for the same reason—it will receive its money either way. Finally, it insists that like Talisman Insurance, Talisman Specialty also seeks to have Talisman Specialty pay Talisman Insurance its portion of the premiums directly. Therefore, it argues that Talisman Specialty adequately represents the interest of Talisman Insurance. It points out that Talisman

---

[2] See note 1, supra.

3

Insurance and Talisman Specialty share common ownership and even share counsel. It submits that if Talisman Insurance and Talisman Specialty were adverse, the same counsel could not represent both under the Louisiana Rules of Professional Conduct.

Although Talisman Insurance does not invoke permissive intervention in its motion, Texas Insurance argues that it is not entitled to permissive intervention because Talisman Specialty adequately represents its interest and because the participation of Talisman Insurance would not contribute significantly to the development of the case. It points out that the primary document at issue in this litigation is the MGA Agreement, and Texas Insurance is not a party to it.

In reply, Talisman Insurance insists its intervention is timely. It argues that the proximity of its motion to the preliminary injunction hearing does not preclude intervention because it does not seek to delay or reconsider any phases of the litigation already concluded. It argues that it would be prejudiced if the intervention were not permitted. Further, Talisman Insurance insists that it has a substantial interest in having the premiums paid to it directly by Talisman Specialty as required by the Reinsurance Agreement to reduce its administrative burdens and costs. It argues that it only receives premiums from reinsuring policies and that, therefore, it would be directly and substantially impacted if Texas Insurance were successful in showing that one or more of the policies were unauthorized under the MGA Agreement. It also argues that Talisman Specialty cannot adequately represent its interests because each entity's interests are based on different agreements. In the alternative, Talisman Insurance argues that it is entitled to permissive intervention because the disputes involve common issues. It submits that if it is not entitled to intervene, it will have to file a separate suit and may be subject to claims of issue preclusion.

Law and Analysis

1. *Standard for Intervention of Right*

A right to intervene exists where the intervenor has an unconditional right to intervene by statute or where the intervenor "claims an interest relating to the property or transaction that is the subject matter of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). Courts also require that the motion to intervene is timely. See Texas v. United States, 805 F.3d 653, 657 (5th Cir. 2015). "Although failure to satisfy any one element precludes the applicant's right to intervene," the Fifth Circuit has explained that "[i]ntervention should generally be allowed where 'no one would be hurt and greater justice could be attained.'" Ross v. Marshall, 426 F.3d 745, 753 (5th Cir. 2005). (quoting Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994).

In analyzing the timeliness prong, the Court considers: (1) "[t]he length of time during which the would-be intervenor actually know [sic] or should have known of his interest in the case before he petitioned for leave to intervene;" (2) "[t]he extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) "[t]he extent of the prejudice that the would-be intervenor may suffer if his petition for leave to intervene is denied;" and (4) "[t]he existence of unusual circumstances militating either for or against a determination that the application is timely." Stallworth v. Monsanto Co.,558 F.2d 257, 264-66 (5th Cir. 1977). "The analysis is contextual; absolute measures of timeliness should be ignored. The requirement of timeliness is not a tool of retribution to punish the tardy would-be

intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." Sierra Club v. Espy, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal citation omitted).

To satisfy the requirement that the potential intervenor has an interest related to the property or transaction that forms the basis of the controversy, the potential intervenor must demonstrate an interest that is "direct, substantial, [and] legally protectable." Saldano v. Roach, 363 F.3d 545, 551 (5th Cir. 2004) (quoting John Doe No. 1 v. Glickman, 256 F.3d 371, 379 (5th Cir. 2001)) (alteration in original). "[T]he inquiry turns on whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way." Texas, 805 F.3d at 657. "A property interest, for example, is 'the most elementary type of right that Rule 24(a) is designed to protect,' because it is concrete, specific to the person possessing the right, and legally protectable." Id. at 658 (quoting Diaz v. S. Drilling Corp., 427 F.2d 1118, 1124 (5th Cir. 1970)). Thus, a plaintiff's former attorneys may intervene to assert their right to any judgment, Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 54 (5th Cir. 1970), an insurer may intervene to protect its subrogation interest in a plaintiff's recovery, Chenevert v. Travelers Indem. Co., 746 F.3d 581, 588 (5th Cir. 2014), and the government may intervene to assert a tax lien over funds that one of the parties seeks to recover through the pending litigation, Diaz v. S. Drilling Corp., 427 F.2d 1118, 1124 (5th Cir. 1970). But it is not enough when a proposed intervenor simply prefers one outcome over the other for solely ideological, economic, or precedential reasons. Texas, 805 F.3d at 658.

Next the proposed intervenor must show it is so situated that the action may as a practical matter impair or impede its ability to protect its interest. Before 1996, a movant was required to show it would be bound by the disposition of the action, but that is no longer required. Edwards v. City of Houston, 78 F.3d 983, 1004–05 (5th Cir. 1996). "[T]he current requirement is a great

liberalization of the prior rule." Brumfield v. Dodd, 749 F.3d 339, 344 (5th Cir. 2014). The movant need not show that its interest "will" be impaired; it must only show that its ability to protect its interest "may" be impaired. Id.

To establish that the potential intervenor's interest is inadequately represented, the potential intervenor must show only that the representation "may be" inadequate. Trbovich v. United Miner Workers of Am., 404 U.S. 528, 538 n.10 (1972). The Fifth Circuit acknowledges the burden is "minimal," but has imposed two presumptions to give it "some teeth." Brumfield v. Dodd, 749 F.3d 339, 345 (5th Cir. 2014). The first presumption of adequate representation arises when "the putative representative is a governmental body or officer charged by law with representing the interests of the absentee." Edwards v. City of Houston, 78 F.3d 983, 1005 (5th Cir. 1996). This presumption is inapplicable here. "The second presumption of adequate representation arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit." Id. To overcome this presumption, the potential intervenor "must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." Id.

2. *Permissive Intervention*

Even where someone is not entitled to intervene as of right, the court may nonetheless permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Id. R. 24(b)(3). Courts should also consider "whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues." League of United Latin Am. Citizens, Council

No. 4434 v. Clements, 884 F.2d 185, 189 (5th Cir. 1989). "Permissive intervention 'is wholly discretionary with the [district] court . . . .'" New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 470–71 (5th Cir. 1984) (quoting Wright & Miller, 7C Federal Practice and Procedure: Civil § 1913) (alteration in original).

3. *Intervention by Talisman Insurance*

The Court finds that Talisman Insurance is entitled to intervene as of right because it has satisfied each of the factors, discussed in turn below.

*a. Timeliness*

Texas Insurance filed suit on August 14, 2023. Although it did not serve defendant Talisman Specialty until about a month later, Talisman Specialty enrolled counsel just one day after suit was filed. Almost two months later, and on the eve of the preliminary injunction hearing, Talisman Insurance filed the present motion to intervene. Talisman Insurance does not reveal when it became aware of the lawsuit, but it does not deny that it shares ownership and counsel with Talisman Specialty and has known about the lawsuit since August 2023. Thus, the Court assumes it waited two months to file its motion, even when it should have known on August 25, 2023, that Texas Insurance sought a preliminary injunction. Yet, this case is otherwise in its early stages. At the time it filed its motion, no trial date had been set and discovery had not officially opened.

Importantly, Talisman Insurance represents that it does not seek to reopen any prior proceedings in this case. As a result, there is no prejudice to be suffered by the other parties as a result of Talisman Insurance's delay in filing. And, to the contrary, if Talisman were not allowed to intervene at this time, it would be prejudiced. If it filed a separate lawsuit to protect its interest in the subject premiums, it could be bound by the rulings in this case without having had the

8

opportunity to be heard. On balance, the Court finds that Talisman Insurance has satisfied the timeliness factor.

      *b. Interest*

The Court finds that Talisman Insurance has a direct and substantial property interest in the subject premiums and the method of payment, both of which are at issue in this lawsuit. In its Complaint, Texas Insurance claims that all premiums collected by Talisman Specialty must be paid to Texas Insurance. (Rec. Doc. 1, at 13-14). It does not mention Talisman Insurance in its Complaint at all. But in opposition to intervention, it argues that from the premiums it receives, it will pay the portion due to Talisman Insurance. In contrast, Talisman Insurance claims that 94% of the exact same premiums that Texas Insurance claims in its Complaint must instead be paid directly from Talisman Specialty to Talisman Insurance. Although Texas Insurance urges that Talisman Insurance will get its money one way or the other, that does not erase Talisman Insurance's interest in its share of the premiums. Indeed, by the reasoning of Texas Insurance, it could just as well be said that it has no interest in the 94% of premiums it now concedes are owed to Talisman Insurance. Yet Texas Insurance has taken a contrary position in its Complaint, claiming that 100% of the premiums should be paid to it. Importantly, Talisman Insurance also has an interest in its alleged contractual right to receive its share of the premiums directly from Talisman Specialty with alleged concomitant administrative cost savings. If Texas Insurance's interpretation prevails, Talisman Insurance will lose this benefit. Because Talisman Insurance has a direct property interest in this action, not a mere preference in a certain outcome, the Court finds it satisfies the "substantial interest" factor.

### c. Possible Impairment

The Court next considers whether the present action may as a practical matter impair or impede Talisman Insurance's ability to protect its interest. In its Complaint, Texas Insurance claims that at least $10 million in premiums held by Talisman Specialty belong to Texas Insurance and must be turned over to Texas Insurance. If Texas Insurance succeeds on these claims, the Court would award it the premiums in their entirety. But Talisman Insurance claims that it has a right to be paid 94% of those premiums directly from Talisman Specialty. As a result, the present action may impair Talisman Insurance's alleged interest in the premiums and its alleged contractual right to have the premiums paid to it directly by Talisman Specialty. The Court finds that Talisman Insurance has satisfied the impairment factor.

### d. Inadequate Representation

Finally, the Court considers whether Talisman Insurance's interest is inadequately represented. It is true that both Talisman Insurance and Talisman Specialty take the position that Talisman Insurance is entitled to its portion of the premiums directly from Talisman Specialty. However, Talisman Insurance bases this purported right on the Reinsurance Agreement between it and Texas Insurance. Talisman Specialty cannot (and does not) invoke Talisman Insurance's alleged contractual right on Talisman Insurance's behalf. Instead, Talisman Specialty relies on its obligation under the MGA Agreement to pay reinsurance costs in arguing that it must pay 94% of the premiums directly to Talisman Insurance.[3] Thus while Talisman Insurance seeks to enforce a purported right to receive premiums under the Reinsurance Agreement, Talisman Specialty seeks to enforce its purported right/obligation under the MGA Agreement to use the premiums to pay for reinsurance. As a result, the Court concludes that Talisman Specialty and Talisman Insurance

---

[3] Opp. to Mtn. for Prelim. Inj., Rec. Doc. 28, at 13.

do not share the same ultimate objective and no presumption of adequate representation applies. Because Talisman Specialty is not a party to the contract that Talisman Insurance seeks to invoke, Talisman Specialty's ability to represent Talisman Insurance's interest may be inadequate. The Court concludes Talisman Insurance has satisfied this prong of the test for intervention as of right.

Conclusion

The Court finds that Talisman Insurance has satisfied all the factors required to intervene as of right: it timely filed its Complaint in Intervention and it has an interest in the premiums and method of disbursement of premiums at issue in this lawsuit, which interest would be impaired if it was not allowed to intervene and which interest is not adequately represented by the existing parties. Accordingly, the Court finds that Talisman Insurance is entitled to intervene as of right.[4] Its Motion to Intervene (Rec. Doc. 35) is GRANTED; its Complaint in Intervention shall be entered into the record.

New Orleans, Louisiana, this 1st day of December, 2023.

_Janis van Meerveld_
Janis van Meerveld
United States Magistrate Judge

---

[4] Having found that Talisman Insurance has satisfied all factors to intervene of right, the Court need not consider whether permissive intervention is warranted here.