UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEXAS INSURANCE COMPANY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-3412** |
| **TALISMAN SPECIALTY UNDERWRITERS, INC.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this insurance-underwriting dispute is the opposed motion[1] of Defendant/Counterclaim Plaintiff Talisman Specialty Underwriters, Inc. to consolidate this case with Civil Action No. 24-893 under Federal Rule of Civil Procedure 42(a). Exercising its "substantial discretion in deciding whether and to what extent to consolidate cases," *Hall v. Hall*, 584 U.S. 59, 77 (2018) (citing 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (3d ed.)), the Court denies the motion to consolidate without prejudice because it is premature: Issue has not been joined in Civil Action No. 24-893, and personal jurisdiction has not been established in that later-filed case.

The Court has recounted the alleged facts of this case and will not re-state them here.[2] In short, surplus-lines insurer Texas Insurance Company sued its managing general agent, Talisman Specialty, for allegedly writing lines of insurance in Texas Insurance's name without authority to do so.[3] Talisman Specialty in turn

---

[1] ECF No. 108.
[2] ECF No. 116; *see also Tex. Ins. Co. v. Talisman Specialty Underwriters, Inc.*, No. 23-CV-3412, 2025 WL 592775 (E.D. La. Feb. 24, 2025) (Long, J.).
[3] ECF No. 116 at 1; *Tex Ins. Co.*, 2025 WL 592775, at *1.

counterclaimed against Texas Insurance, alleging (among other things) that Texas Insurance misrepresented the extent of Talisman Specialty's authority to write lines of insurance in Texas Insurance's name.[4] On Texas Insurance's Rule 12(b)(6) motion, the Court dismissed some but not all of Talisman Specialty's counterclaims.[5] A scheduling order has issued, and this case is scheduled for trial in January 2026.[6]

While Texas Insurance's Rule 12(b)(6) motion was pending, Talisman Specialty sought leave to file a third-party complaint and amended counterclaims against Texas Insurance's corporate parent, North American Casualty Co., and against North American's corporate parent, Applied Underwriters, Inc.[7] But Magistrate Judge van Meerveld denied leave to inject those parties into this case because she found the proposed third-party complaint and the proposed amended counterclaims futile.[8]

Less than a month later, Talisman Specialty and an affiliate, Talisman Holding Company, Inc., sued North American and Applied in Louisiana state court.[9] They brought breach-of-contract claims against North American and tort claims against both North American and Applied.[10] North American and Applied in turn

---

[4] ECF No. 49.
[5] ECF No. 116 at 21; *Tex. Ins. Co.*, 2025 WL 592775, at *4–9.
[6] ECF No. 109 at 6.
[7] ECF No. 70; ECF No. 84.
[8] ECF No. 92.
[9] Original Petition for Damages, *Talisman Specialty Underwriters, Inc. v. N. Am. Cas. Co.*, No. 24-CV-893 (E.D. La. Apr. 10, 2024), ECF No. 1-2.
[10] *Id.* at 14–24 (¶¶ 30–60).

removed[11] that case—later assigned Civil Action No. 24-893—to this Court and then moved to dismiss it for lack of personal jurisdiction and for failure to state a claim.[12]

The Court denied that motion to dismiss without prejudice.[13] Without addressing the Rule 12(b)(6) arguments, the Court "held that Talisman Specialty and Talisman Holding[ ] fail[ed] to plead facts sufficient to establish a *prima facie* case of personal jurisdiction over North American and Applied."[14] The Court nonetheless granted Talisman Specialty and Talisman Holding leave to amend "to attempt to allege a *prima facie* case of personal jurisdiction" because Talisman Specialty and Talisman Holding had not yet amended their original petition, and because North American and Applied had not shown that amendment would be futile.[15]

In response to the Court's holding that personal jurisdiction had not been established in Civil Action No. 24-893, Talisman Specialty and Talisman Holding timely filed an amended complaint.[16] North American and Applied moved to dismiss that amended complaint for lack of personal jurisdiction and for failure to state a claim.[17] That motion to dismiss has just become ripe,[18] and no scheduling order has issued.

---

[11] Notice of Removal, *Talisman Specialty Underwriters, Inc. v. N. Am. Cas. Co.*, No. 24-CV-893 (E.D. La. Apr. 10, 2024), ECF No. 1.

[12] Motion to Dismiss, *Talisman Specialty Underwriters, Inc. v. N. Am. Cas. Co.*, No. 24-CV-893 (E.D. La. May 9, 2024), ECF No. 13

[13] Order and Reasons, *Talisman Specialty Underwriters, Inc. v. N. Am. Cas. Co.*, No. 24-CV-893 (E.D. La. Mar. 31, 2025), ECF No. 29.

[14] *Id.* at 10.

[15] *Id.*

[16] First Amended Complaint, *Talisman Specialty Underwriters, Inc. v. N. Am. Cas. Co.*, No. 24-CV-893 (E.D. La. Apr. 11, 2025), ECF No. 31.

[17] Motion to Dismiss, *Talisman Specialty Underwriters, Inc. v. N. Am. Cas. Co.*, No. 24-CV-893 (E.D. La. May 22, 2025), ECF No. 43.

[18] Order Extending Reply-Brief Deadline to June 16, 2025, *Talisman Specialty Underwriters, Inc. v. N. Am. Cas. Co.*, No. 24-CV-893 (E.D. La. June 4, 2025), ECF No. 50.

Talisman Specialty now asks the Court to consolidate this case with Civil Action No. 24-893 under Rule 42(a).[19] The Court "may" consolidate the cases if they involve "a common question of law or fact." FED. R. CIV. P. 42(a)(2). The Court "enjoy[s] substantial discretion in deciding whether and to what extent to consolidate" the cases. *Hall*, 584 U.S. at 77 (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383)); *see also In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1013 (5th Cir. 1977) ("The trial court's managerial power is especially strong and flexible in matters of consolidation."). But "the mere fact that a common question is present[ ] . . . does not mean that the [Court] must order consolidation." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 2383 (citations omitted). For example, "courts have concluded that consolidation is premature when motions to dismiss are pending." *Id.* (collecting cases); *see also, e.g.*, *Evans v. Int'l Paper Co.*, No. 11-CV-214, 2011 WL 2559791, at *6 (W.D. La. June 28, 2011) (denying motion to consolidate as premature given pending motion to dismiss).

Just so here. A motion to dismiss for lack of personal jurisdiction and for failure to state a claim is pending in Civil Action No. 24-893.[20] The Court has already held that Talisman Specialty and Talisman Holding's original petition in Civil Action No. 24-893 failed to establish personal jurisdiction over North American and Applied, and the Court has not yet decided whether Talisman Specialty and Talisman Holding's amended complaint establishes personal jurisdiction over those entities. If the Court

---

[19] ECF No. 108; ECF No. 108-1.
[20] Motion to Dismiss, *Talisman Specialty Underwriters, Inc., v. N. Am. Cas. Co.*, No. 24-CV-893 (E.D. La. May 22, 2025), ECF No. 43.

holds that it does not, then the Court would dismiss Civil Action No. 24-893 in its entirety. In sum, because there is a motion to dismiss pending in Civil Action No. 24-893, and because personal jurisdiction has not been established in that later-filed case, the Court, exercising its "substantial discretion," *Hall*, 584 U.S. at 77 (citation omitted), finds it premature to consolidate the cases.

Accordingly,

**IT IS ORDERED** that Talisman Specialty's motion[21] to consolidate is **DENIED WITHOUT PREJUDICE** as premature.

New Orleans, Louisiana, this 17th day of June, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[21] ECF No. 108.