UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TEXAS INSURANCE COMPANY | * | CIVIL ACTION NO. 23-3412 |
| | * | |
| | * | SECTION: "O"(1) |
| VERSUS | * | |
| | * | JUDGE BRANDON S. LONG |
| TALISMAN SPECIALTY | * | |
| UNDERWRITERS, INC. | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court are two Motions to Compel one filed by defendant Talisman Specialty Underwriters, Inc. ("Talisman") (Rec. Doc. 134) and the other by Plaintiff Texas Insurance Company, Inc. ("TIC") (Rec. Doc. 142). As discussed below, some of the issues raised in the motions are now moot, but others must still be resolved. For the following reasons, the Motions to Compel are DISMISSED as MOOT in part, Talisman's Motion is GRANTED in part and DENIED in part and TIC's Motion is GRANTED in part.

Background

This lawsuit arises out of an insurance policy fronting arrangement between Texas Insurance and Talisman. What began in January 2023 with a Managing General Agent Agreement between Talisman and TIC affiliate Catlin Specialty Insurance Company, Inc. ("Catlin") and a Stock Purchase Agreement pursuant to which Talisman agreed to buy Catlin, eventually morphed into a Managing General Agent Agreement between Talisman and Catlin dated April 1, 2023 ("TIC MGA"), authorizing Talisman to act as a managing general agent for TIC for the entry and underwriting of certain lines of insurance "as agreed." This change from Catlin to TIC was precipitated by Catlin losing its rating with A.M. Best. Both before and after the TIC MGA, the parties disputed the scope of Talisman's authority to write insurance in TIC's name. There appears

1

to be no dispute, however, that TIC explicitly approved two lines of insurance: the NAFTA Trucking Program and the Concept Specialty yacht program.

TIC initiated suit in August 2023, asserting that Talisman breached the TIC MGA by writing policies in its name without authority and converting premiums duly owed to it. Talisman responded with counterclaims for breach of contract, tortious interference with contractual relations, fraud, and detrimental reliance.[1]

At the time the present motions to compel were filed, the parties were facing looming discovery deadlines that it appeared neither side could meet. On August 11, 2025, the District Judge granted Talisman's unopposed motion to continue the trial date and pretrial deadlines. Presently, the trial is set to begin on May 26, 2026. The discovery deadline is March 18, 2026. Plaintiffs' expert reports are due January 7, 2026.

Although a number of issues raised by the current motions to compel are now moot, several issues regarding the sufficiency of each side's production remain live.

Law and Analysis

1. *Discovery Standards*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

---

[1] The factual background of the matter has been discussed more robustly in prior orders of the court. See Rec. Docs. 73, 92, 116.

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

The present dispute concerns requests for production of documents, which implicate Rule 34. A request for production must describe the information sought with "reasonable particularity." Id. R. 34(b)(1). And objections must be stated "with specificity." Id. R. 34(b)(2)(B). Additionally, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Id. R. 34(b)(2)(C). "General, boilerplate, unsupported objections that fail to state their grounds with specificity are improper and result in waiver of those objections." Lee v. Aramark Facility Servs., LLC, No. CV 20-2049, 2021 WL 6070448, at *3 (E.D. La. July 15, 2021). "An objection to a discovery request is boilerplate when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request." Weatherspoon v. 739 Iberville, LLC, No. CV 21-0225, 2022 WL 824618, at *5 (E.D. La. Mar. 18, 2022). Incorporating general objections into each response does not satisfy the requirements of Rule 34. See Fischer v. Forrest, No. 14CIV1304PAEAJP, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017).

Absent sustainable objections, parties are typically required "to make a reasonable search of *all* sources reasonably likely to contain responsive documents." White v. State Farm Mut. Auto. Ins. Co., No. CIV.A. 09-000991-BAJ, 2011 WL 3423388, at *2 (M.D. La. Aug. 4, 2011); see First Am. Bankcard, Inc. v. Smart Bus. Tech., Inc., No. CV 15-638, 2017 WL 2267149, at *3 (E.D. La. May 24, 2017). Of course, this obligation is tempered by the proportionality requirement of Rule 26(b)(1).

2. *Talisman's Motion to Compel*

Talisman's Motion to Compel seeks a court order overruling TIC's general objections, overruling some of TIC's specific objections, and compelling TIC to produce all responsive documents.

As parties often do despite it being clearly inappropriate under the Federal Rules, TIC began its response to Talisman's Requests for Production of Documents with a list of "General Objections." They include things like "TIC objects to these Requests to the extent they require unreasonable investigation to secure the information necessary to respond" and "TIC objects to these Requests to the extent they assume disputed facts or legal conclusions in describing the Requests." TIC claims these are appropriate because they have been incorporated into the specific objections. TIC has done so simply by saying "In addition to the foregoing general objections." TIC's General Objections do not comply with the Federal Rules of Civil Procedure. Objections must be stated with specificity. That means the responding party must explain what part of the particular request is objectionable and why. TIC's General Objections wholly fail to do so and, accordingly, they are hereby OVERRULED.

With regard to specific objections, TIC has agreed to revise its responses to Requests for Production 2, 4, 5, and 10 to clarify that it is not withholding any documents subject to its objections. This moots the issue. The Court reminds TIC that it has a continuing obligation to supplement its responses. See Fed. R. Civ. P. 26(e)(1).

That leaves Requests for Production 6, 7, 8, 12, and 13.

In Request for Production 6, Talisman asks for all documents reflecting policies caused to be issued under the Concepts Program. TIC responded by producing the bordereau and cash reconciliations for the program. Talisman demands the policies themselves. TIC responds that the

comprehensive bordereau lists all policies issued under the program through the date Talisman's involvement with the program ended, the date the policies were issued and expired, claims made and paid under the policies, total commissions and losses, and the premiums ceded to Talisman. TIC argues that Talisman does not have grounds to demand the policies because Talisman is not the insurer on those policies. Talisman did not file a reply. The Court concludes that TIC's response is sufficient and that production of the policies themselves is not proportionate with the needs of the case because the relevant information has already been produced and any further production would be duplicative.

In Request for Production 7, Talisman seeks documents reflecting an accounting of all profits and other monies obtained in connection with the Concept Program. In Request for Production 8, Talisman seeks documents, including monthly bank statements, reflecting monies held by TIC in connection with the Concept Program. Talisman argues that TIC's generic "overbroad, unduly burdensome, and disproportionate" objection should be overruled because it has not explained why production would be burdensome. It argues that TIC's "vague and ambiguous" objection should be overruled because Talisman clarified the typographical error TIC identified.

In opposition to the Motion to Compel, TIC argues that it has made a substantial production of documents concerning the Concept Program, including documents reflecting the premiums collected and commissions made. It adds that the bordereau it produced include detailed calculations concerning commissions. It says Talisman has not explained why the information it has produced fails to satisfy Talisman's request for an accounting of all profits. TIC argues further that Talisman has not explained why the bank statements are justified considering the other documents produced. Talisman did not file a reply.

The court finds that TIC's production is sufficient and that further production of responsive documents would be disproportionate with the needs of the case.

In Request for Production 12, Talisman seeks all documents and communications describing the corporate structure and business relationship among TIC and its parent companies Applied and North American. TIC objected that the request for "all" documents was overbroad, but it agreed to produce sufficient documents to show corporate form and organizational structure. But it has not yet done so. In opposition, TIC insists the request must be limited but fails to explain what exactly it will produce or why it has failed to do so already. Talisman has not filed a reply. The Court will require that by September 5, 2025, TIC must produce the documents it believes will be sufficient to address the issue raised by Request for Production 12. If Talisman believes additional information is needed, the parties will meet and confer to discuss and attempt to resolve the matter without court intervention.

In Request for Production 13, Talisman seeks all document reflecting Jeffrey Silver's authority to act on behalf of TIC, North American, and Applied, as to Talisman including any board resolutions, letters of authority, and meeting minutes. TIC objects to this request for "all" documents as overbroad. It also objects to the request as vague and ambiguous. Talisman argues these objections should be overruled. It points out that TIC has failed to produce any responsive documents. In opposition, TIC argues that the request would require production of every meeting in which Mr. Silver appeared in any capacity on behalf of these entities and any board resolution in which Mr. Silver's role is mentioned. TIC says it has proposed a stipulation, but has not explained the proposal further. Talisman did not file a reply.

While the Court agrees that the request for "all" documents might require production disproportionate with the needs of the case, TIC has not shown that it should be relieved of

6

producing *any* documents. Importantly, the Court disagrees with TIC's suggestion that Talisman's request would implicate any board resolution or meeting minutes that merely reference Silver's authority. Instead, as the Court reads the request, Talisman seeks board resolutions, letters of authority, meeting minutes, or other documents that specifically authorize Silver to conduct business with Talisman on behalf of any of the entities. If there is no such specific grant of authority but TIC relies on a general grant of authority to conduct business on behalf of TIC, Applied, or North American, then this would also be responsive.

Nonetheless, the Court finds a stipulation could be the most cost-effective (for TIC) and useful (for Talisman) solution. This possible resolution shall be explored first. By September 5, 2025, TIC will produce its proposed stipulation to Talisman. By September 12, 2025, Talisman will notify TIC if the stipulation is an acceptable solution. If it is not, TIC shall, by September 19, 2025, make a good faith effort to search for responsive documents (as discussed by the Court above) and produce them or, if there are none, certify that to Talisman.

3. *TIC's Motion to Compel*

In its motion to compel, TIC seeks an order compelling Talisman to disclose certain information about its discovery response process (all custodians whose files it has collected and searched, search terms employed, and all other methods of collecting and searching); compelling Talisman to utilize specific search terms it improperly omitted and carry out a remedial search; and compelling Talisman to remedy deficiencies in its production by searching for and producing documents responsive to its Requests for Production 1, 3, 11, 12, and 16. TIC complains that there appear to be hundreds if not thousands of missing documents. For example, it points out that Talisman has produced only 66 internal communications. It adds that over 100 emails were produced by Talisman's sub-delegees that should have been produced by Talisman because

Talisman was copied on the emails. TIC believes that the files of multiple relevant custodians were not searched.

Talisman submits that TIC's motion is moot because it has agreed to address TIC's concerns about missing documents and the sufficiency of Talisman's document production. It points out that the trial has now been continued so there is time to do so. It does not address the substance of TIC's arguments regarding either the documents that TIC contends Talisman should have produced, the custodians that TIC contends should have been searched, or regarding specific Requests for Production.

TIC replies that three weeks have passed since it brought the instant deficiencies to Talisman's attention. It submits that since Talisman has not yet supplemented, TIC should not be required to rely on voluntary compliance by Talisman.

The Court agrees with Talisman that the recent trial continuance and extension of deadlines has provided the parties with breathing room to address remaining discovery. However, it appears there is still much to do and it is critical that the parties not squander their time.

With regard to Talisman's proposal to engage in additional review and supplemental production, the Court finds this to be a good starting point. This supplementation must occur no later than September 19, 2025. To assist in resolving the issues raised in TIC's motion, Talisman will also be required to identify the custodians whose documents have been searched and any search terms it has used to identify relevant documents. To the extent Talisman has collected files without search terms, for example, by pulling all bordereau for a certain time period from the files where they are kept, Talisman will not be required to describe those searches at this time. The foregoing list of custodians and search terms will be produced no later than September 19, 2025.

TIC also raised arguments regarding certain requests for production. The Court addresses these issues briefly.

Request for Production No. 1 asks for "All Documents and Communications regarding the negotiation, execution, or performance of the MGA Agreements." TIC identifies two categories of documents it believes should have been produced: monthly reports and communications with McGill. Unless such documents do not exist, Talisman must include them in its production.

Request for Production No. 3 seeks a host of documents concerning premiums and profits. TIC's issue here concerns the absence of communications with Ares and Crescent that were produced by Ares and Crescent. Talisman's agreement to conduct additional review and production should result in the production of responsive documents that exist but were not produced due to limitations in Talisman's original search.

Request for Production No. 11 seeks "Documents reflecting all policies caused to be issued in TIC's name and all underwriting files for such policies." TIC says responsive policies and underwriting files have not been produced. Talisman's agreement to conduct additional review and production should address this concern.

Request for Production No. 12 seeks certain documents and communications between Talisman and its sub-delegees. TIC submits that although Talisman agreed to produce responsive documents, its production is inadequate because there are over 100 emails that TIC received from sub-delegees that Talisman should have produced. Talisman's agreement to conduct additional review and production should address this concern.

Request for Production No. 16 seeks documents concerning Talisman's decision to keep writing policies following TIC's Suspension Letter. TIC complains that although Talisman agreed to produce responsive documents, the response is paltry and does not include any internal files

concerning TIC's suspension letter. Talisman's agreement to conduct additional review and production will address this concern. For avoidance of doubt, non-privileged responsive internal communications must be produced and any privileged communications should be logged.

The Court cautions Talisman that the time for complete production has come and further delay will not be viewed favorably. Further, to the extent Talisman is unable to produce the emails identified by TIC that were produced by third parties, it must provide a certification of the appropriate client representative with personal knowledge regarding why such emails no longer exist and when they were deleted.

## Conclusion

For the foregoing reasons, the Motions to Compel DISMISSED as MOOT in part, Talisman's Motion is GRANTED in part and DENIED in part and TIC's Motion is GRANTED in part.

IT IS ORDERED that TIC will produce the documents it believes will be sufficient to address the issue raised by Request for Production 12 by September 5, 2025.

IT IS FURTHER ORDERED that TIC will produce a stipulation to address the issue raised by Request for Production 13 by September 5, 2025; Talisman will notify TIC by September 12, 2025, whether such stipulation is an acceptable solution; and, if it is not an acceptable solution, TIC will search for and produce documents responsive to Request for Production 13, as interpreted by the Court above, by September 19, 2025.

IT IS FURTHER ORDERED that Talisman will complete its review and supplementation by September 19, 2025, along with, if necessary, production of a certification regarding the destruction of any responsive emails. On or before that date, Talisman will also produce a list of

the custodians whose documents have been searched and any search terms it has used to identify relevant documents.

New Orleans, Louisiana, this 27th day of August, 2025.

                                            Janis van Meerveld
                                        United States Magistrate Judge